# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARL L. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | |
| ) | No. 10-4108-KHV |
| JOE E. FARRAR, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Carl L. Young brings suit pro se against Joe Farrar asserting employment discrimination on the basis of race and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. This matter is before the Court on the Motion To Dismiss Defendant Joe E. Farrar (Doc. #10) filed December 14, 2010, which plaintiff has not opposed. Pursuant to D. Kan. Rule 7.4, if a respondent fails to file a timely response to a motion, the Court will consider and decide the motion as an uncontested motion, and ordinarily, the Court will grant the motion without further notice. On February 4, 2011, the Court ordered plaintiff to respond to defendant's motion on or before February 18, 2011. See Order To Show Cause (Doc. #12) at 1. Further, the Court informed plaintiff that failure to respond "will result in the dismissal of plaintiff's case without further notice." Id. As of today, plaintiff has not filed a response. For reasons stated below, the Court sustains defendant's motion but gives plaintiff leave to file a motion to join Farrar Corporation as a defendant.

## Legal Standards

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to

dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible-and not merely conceivable-on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court determines whether the specific allegations in the complaint plausibly support a legal claim for relief. Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007). Rather than deciding whether a claim is "improbable," the Court determines whether the factual allegations in the complaint sufficiently raise a right to relief above the speculative level. See id. (quoting Twombly, 550 U.S. at 556). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id. Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough for him to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully-it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged-but not "shown"-that the pleader is entitled to relief. Id. at 1950. Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because

what constitutes fair notice under Rule 8(a)(2) depends upon the type of case. <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1248 (10th Cir. 2008).

In this case, because plaintiff proceeds pro se, the Court construes his complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, plaintiff must follow the same rules of procedure which govern other litigants. <u>See</u> <u>Garrett v. Selby Connor Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005). The Court does not assume the role of advocate for a pro se litigant. <u>See</u> <u>id</u>.

**<u>Facts</u>**

The complaint alleges the following facts.

On January 14, 2008, Farrar Corporation hired plaintiff through a temporary placement agency, Express Personnel Services. Plaintiff began working that day as a machine operator at the Farrar Corporation plant in Manhattan, Kansas. The contract between Express and Fararr, Inc. provided that after 90 days Farrar would either offer plaintiff a full-time position or terminate his employment for performance reasons. Plaintiff performed his job duties at Farrar Corporation at an excellent level. He was the only African-American who worked at the Farrar Corporation machine shop.

In March and April of 2008, two white supervisors – Keith Coleman and Don Stephens – made racist remarks to defendant. On April 21, 2008, Stephens told another employee, Steve Foster, that he could not wait to "fire that black son of a bitch." Foster told plaintiff about the incident because he felt it was inappropriate.

On May 12, 2008, plaintiff complained to the human resources department about numerous instances of "flagrant racial abuse." Human resources personnel interviewed employees on

plaintiff's shift.[1] On May 14, 2008, Kelly Poe, head of Farrar Corporation operations, told plaintiff that "Don Ste[ph]ens has his own way of doing things and you should just go along with it."

On June 19, 2008, Farrar Corporation gave plaintiff and Calvin Martin, a white temporary employee, a drug test for their applications for permanent positions. Farrar Corporation informed plaintiff that he had failed the drug test and fired him. Farrar Corporation hired Martin, even though Martin had told plaintiff that he smoked marijuana several times during the week before the drug test.

On September 22, 2008, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission. See Doc. #11-1. Based on the incidents set out above, the EEOC Charge alleged that the Farrar Corporation discriminated against plaintiff on the basis of race. It also alleged that Farrar Corporation retaliated against him for complaints of discrimination.

On June 9, 2010, the EEOC issued plaintiff a right-to-sue letter which listed the Farrar Corporation as his employer. On September 8, 2010, plaintiff filed this lawsuit naming Joe E. Farrar as the sole defendant. Doc. #1. The complaint asserts that based on race, the Farrar Corporation failed to hire plaintiff for a permanent position, harassed him and terminated his temporary employment. The complaint also asserts that the Farrar Corporation retaliated against him for engaging in protected conduct.

---

[1] On May 12, 2008, after plaintiff submitted his complaint to human resources, Stephens gave another temporary employee a full time employment application in plaintiff's presence. When plaintiff asked, "what about me?," Stephens did not respond.

## Analysis

In his motion to dismiss, Joe Farrar asserts that he is not a proper defendant under Title VII because he is not an "employer" as defined by that statute. The language and structure of Title VII reflects the legislative judgment that "statutory liability is appropriately borne by employers, not individual supervisors." Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996). For this reason, "[u]nder Title VII, suits against individuals must proceed in their official capacity; personal capacity suits are inappropriate." Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993). The complaint names Joe Farrar as the only defendant, but clearly alleges that the Farrar Corporation – not Joe Farrar – was plaintiff's employer. The allegations of plaintiff's complaint do not state a Title VII claim against Joe Farrar. See Lewis v. 4B Corp., No. 03-4194-SAC, 2004 WL 1834641, at *3 (D. Kan. May 12, 2004) (dismissing Title VII claim against store managers); see also Land v. Midwest Office Tech., 114 F. Supp.2d 1121, 1148 (D. Kan. 2000) (alter ego theory limited and serves only as alternate avenue for employer liability). The Court therefore finds that Joe Farrar's motion to dismiss is well taken. Based on the facts set forth in the complaint, however, it appears that Farrar Corporation is the proper defendant.[2] Therefore, on or before April 22, 2011, plaintiff may file a motion to join Farrar Corporation as a defendant. If plaintiff does not do so, the Court will

---

[2] Plaintiff is responsible for identifying and serving the correct defendant.

dismiss the case without further notice.

**IT IS THEREFORE ORDERED** that the Motion To Dismiss Defendant Joe E. Farrar (Doc. #10) filed December 14, 2010 be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED that on or before April 22, 2011, plaintiff may file a motion to join Farrar Corporation as a defendant. If plaintiff does not do so, the Court will dismiss the case without further notice.**

Dated this 13th day of April 2011 at Kansas City, Kansas.

>                       s/ Kathryn H. Vratil
>                       Kathryn H. Vratil
>                       United States District Judge