# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARL L. YOUNG, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-4108-KHV |
| JOE E. FARRAR, | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Join Farrar Corporation as Defendant (ECF No. 16), filed April 21, 2011. For the reasons stated below, this Court grants the instant motion.

## I. Background

This is an employment discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964. On September 8, 2010, Plaintiff filed a Complaint alleging he was discriminated against while working as a temporary employee at Farrar Corporation.[1] Plaintiff named Joe E. Farrar as the defendant, not Farrar Corporation.[2] On December 14, 2010, Defendant Joe E. Farrar ("Mr. Farrar") moved for an order dismissing Plaintiff's Complaint. On April 13, 2011, Judge Vratil granted Mr. Farrar's motion to dismiss but also granted Plaintiff leave to file a motion to join Farrar Corporation as a defendant.[3] On April 21, 2011, Plaintiff filed the instant motion. On May 10, 2011, Mr. Farrar filed a memorandum in opposition to Plaintiff's motion.

---

[1] Compl., ECF No. 1.

[2] *Id.*

[3] Mem. & Order at 6, ECF No. 14.

**II.     Analysis**

   A.     Standing

As discussed above, the Court dismissed Mr. Farrar from this lawsuit on April 13, 2011. On May 10, 2001, Mr. Farrar filed a memorandum in opposition to the instant motion. Mr. Farrar provides no authority that he, as a dismissed party, has standing to contest the instant motion.

   B.     Timeliness of Mr. Farrar's Opposition

Pursuant to D. Kan. R. 6.1(d), responses to non-dispositive motions (motions other than motions to dismiss or for summary judgment), must be filed and served within fourteen (14) days. This time period applies regardless of the method of service.[4] Here, Plaintiff filed his motion on April 21, 2011. Therefore, any response in opposition was due fourteen (14) days later or by May 5, 2011. Mr. Farrar did not file his opposition until May 10, 2011.

   D. Kan. R. 7.4(b) states:

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. R. 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Mr. Farrar has not offered any explanation for his failure to file a timely response, even should the Court assume Mr. Farrar had standing to oppose Plaintiff's motion. Accordingly, the Court will treat the instant motion as unopposed.

   C.     Fed. R. Civ. P. 15

In the instant motion, Plaintiff seeks leave to amend his complaint to add a new party. Fed.

---

[4] D. Kan. R. 6.1(d).

R. Civ. P. 15 governs the procedure for amending pleadings. A party may amend its pleadings once as a matter of course within twenty-one days after serving it or within twenty-one days after service of a motion under Fed. R. Civ. P. 12(b).[5] Otherwise, a party may amend only by leave of the court, and such leave shall be freely given when justice so requires.[6]

The decision to grant leave to amend after the permissive period lies within the discretion of the trial court.[7] Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of the amendment.[8] Because no timely opposition has been filed, there is no showing before the Court of undue delay, undue prejudice, bad faith, or futility of the amendment. Therefore, the Court finds the instant motion should be granted.

Even if the Court were to consider Mr. Farrar's opposition, the Court would not reach a different result. To maintain an action under Title VII, a plaintiff must file suit within ninety days after receiving the Equal Employment Opportunity Commission's right to sue letter.[9] Failure to adhere to this time limitation bars the claim.[10] Plaintiff's Dismissal and Notice of Rights letter is dated June 9, 2010.[11] Mr. Farrar argues the instant motion is futile because Plaintiff's amended

---

[5] Fed. R. Civ. P. 15(a).

[6] *Id.*

[7] *Stewart v. Bd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003) (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1993)).

[8] *Id.*

[9] 42 U.S.C. § 2000e-5(f)(1).

[10] *Wright v. Wyandotte County Sheriff's Dep't,* 963 F. Supp. 1029, 1035 (D. Kan. 1997) (citing *Simons v. Sw. Petro-Chem, Inc.*, 28 F.3d 1029, 1030–31 (10th Cir. 1994)). However, the ninety day time limit is subject to waiver, estoppel, and equitable tolling. *Id.*

[11] ECF No. 2.

complaint would not "relate back" to the original complaint, and thus would not have been filed within ninety days of receiving the right to sue letter.

Fed. R. Civ. P. 15(c) governs when an amended pleading "relates back" to the date of a timely file original pleading.[12] If the applicable statute of limitations has run, an amended complaint may relate back to date of the timely filed complaint when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[13]

Mr. Farrar argues Plaintiff's proposed amendment would not relate back because "it is clear that Farrar Corp. was not served with the Complaint within 120 days of the filing of the original complaint as required by Rule 4(m) and thus did not receive notice of the lawsuit to allow the claim to relate back . . . ." Based upon the plain text of Rule 15(c), the issue is not whether Farrar Corporation was served, but whether it received notice of the lawsuit within 120 days. An amendment to a pleading that adds a new party will relate back where "the new and old parties have

---

[12] Fed. R. Civ. P. 15(c); *Krupski v. Costa Crociere S. p. A.*, __ U.S. ___, 130 S. Ct. 2485, 2489 (2010).

[13] Fed. R. Civ. P. 15(c)(1).

4

such an identity of interest that it can be assumed that relation back will not prejudice the new defendant."[14]

The Court does not know Mr. Farrar's exact relationship to Farrar Corporation. According to the Kansas Secretary of State's office, Mr. Farrar is the resident agent of Farrar Corporation and has the same address as Farrar Corporation.[15] It seems likely to the Court that Mr. Farrar is one of the officers or owners of Farrar Corporation. If that were the case, then it is *possible* Mr. Farrar and Farrar Corporation have an identity of interest such that Farrar Corporation should be charged with notice of the suit.[16] The Court does not have sufficient facts to determine this issue at this time. As a result, the Court cannot conclude Plaintiff's proposed amendment is futile.[17]

Pursuant to D. Kan. R. 15.1, Plaintiff was required to attach his proposed amended complaint to the instant motion. In this case, the Court will excuse Plaintiff's failure to do so because Plaintiff indicates his only amendment is adding Farrar Corporation as a defendant.

Although it appears likely Farrar Corporation has had notice of this lawsuit, the Court directs the U.S. Marshals Service to execute service upon Farrar Corporation once an amended complaint has been filed.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Join Farrar Corporation as

---

[14] *Graves v. Gen. Ins. Corp.*, 412 F.2d 583, 585 (10th Cir. 1969).

[15] *See* https://www.accesskansas.org/bess/flow/main?execution=e4s5 (select Business Entity Database; then search by business entity name for Farrar Corporation) (last visited May 25, 2011).

[16] All of the allegations in Plaintiff's Complaint are directed at Farrar Corporation. Compl. at 2, ECF No. 1. Further, the Court notes that Farrar Corporation received a copy of the right to sue letter. ECF No. 2.

[17] The party opposing amendment has the burden to demonstrate futility. *Deya v. Hiawatha Hosp. Ass'n, Inc.*, No. 10-2263-JAR, 2011 WL 1698774, at *3 (D. Kan. May 4, 2011).

Defendant (ECF No. 16) is hereby GRANTED.

**IT IS FURTHER ORDERED** that by June 22, 2011, Plaintiff shall file an Amended Complaint solely limited to naming Farrar Corporation as a defendant.

**IT IS FURTHER ORDERED** that upon filing of an Amended Complaint naming Farrar Corporation as a defendant, the Clerk's Office shall prepare the summons and direct the United States Marshals Service to execute service on Farrar Corporation.

**IT IS SO ORDERED.**

Dated this 2d day of June, 2011, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge